[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action, by summons and complaint, claiming a dissolution of marriage and other relief, came to this court on June 17, 1997, and thence to later dates when the defendant appeared by counsel. The plaintiff filed an amended prayer for relief dated August 7, 1998 and filed August 10, 1998. By pleading dated August 12, 1998 and filed the same day the defendant filed an answer admitting all of the allegations of the plaintiffs complaint together with a cross-complaint claiming a dissolution of marriage and other relief
The parties appeared with counsel on divers days in November and December, 1999 concluding on December 15, 1999. The parties presented testimony and exhibits. The court, after hearing the testimony of the parties and their witnesses and reviewing the exhibits makes the following findings of fact and enters orders based thereon.
The plaintiff husband married the defendant wife (whose maiden name was Abbott) on June 8, 1974 in Bristol, Connecticut. He has resided continuously in the State of Connecticut for one year next preceding the date of the filing of this complaint. All statutory stays have expired. The parties have no minor children born to the defendant wife since the date of the marriage. No other minor children have been born to the defendant wife since the date of the marriage. The court further finds that no state or municipal agency has or is contributing to the support of the parties.
Both parties testified at length concerning their initial meeting, subsequent marriage and married life and their opinion as to what led to the breakdown of the marriage and the causes. While both parties contributed to the breakdown of the marriage the court finds that the plaintiff was more responsible for the breakdown than the defendant.
The plaintiff holds a bachelors degree from the University of Connecticut and presently owns and operates Grillo Financial Services located in West Hartford, Connecticut. He holds several SEC licenses both in Connecticut and Florida. He operates his business out of a house owned by him but lives with his girlfriend and her children in Unionville, Connecticut. The house, located on Arapahoe Road in West Hartford, Connecticut, has a second floor apartment which, in the past has been a source of rental income to the plaintiff. Further, Grillo Financial Services pays rent to the plaintiff which covers most, if not CT Page 4128 all, of the expenses of maintaining the property and paying the mortgage indebtedness.
The defendant attends the University of Hartford in pursuit of a bachelor's degree in art. During the marriage the defendant was the primary caretaker for the parties children while working part-time. She presently resides in the marital residence.
As to premarital assets the evidence reveals that the defendant possessed $45,000.00 when the parties married. She presently has approximately $9,000.00 remaining. Although the plaintiff claimed he brought $20,000.00 into the marriage the court finds no credible evidence to support his claim.
The parties lived together for a period of time before marriage and each would contribute to their household expenses. The defendant became pregnant with their daughter, Catherine. The parties married shortly thereafter but the testimony was in conflict as to how far along in the pregnancy the defendant was. The defendant held various full and part-time jobs during the marriage but the plaintiff was the primary wage earner and principal support of the family while the defendant was the homemaker, wife and primary caretaker of the parties two children, Catherine and Emily. The plaintiff had a series of jobs with various companies in the Greater Hartford area until he joined with his father in business in West Hartford where he continues under the name of Grub Financial Services. His entire career has been in the financial arena and in the past few years has afforded him a substantial income. During his early years of employment he was required to travel away from home. For the past several years the marriage of the parties deteriorated. At some point the defendant became pregnant with a third child but aborted the pregnancy because of the plaintiffs desire not to have any more children. The parties talked of divorce on several occasions. There were numerous incidents involving the children whereby arguments ensued. Both parties were unhappy in their relationship.
In April of 1997 the plaintiff met his present paramour at a local restaurant. Following their initial meeting they saw each other for lunch and dinner. The plaintiff put $10,000.00 in an investment account for his paramour's benefit. The funds were marital assets and the opening of the account was unknown by the defendant. The parties separated and the plaintiff instituted the present proceedings. Shortly thereafter, the plaintiff and his CT Page 4129 paramour started an intimate relationship and in February of 1998 he moved in with her.
The parents of both parties would help with some of the family expenses including gifts, vacations, and the educational expenses of the parties children although most of the monies came from the defendant's parents. Based upon the evidence the larger amounts came from the defendant's family after the parties separated in mid 1997.
In June of 1982 the parties borrowed $75,000.00 from the Townsend Treadway Trust to purchase the parties marital residence in West Hartford, Connecticut. The borrowing was secured by a first mortgage on the property. The mortgage was refinanced with the Trust in 1992 and the amount financed was increased to $105,000.00. The balance of the mortgage as of November 30, 1999 was $95,830.10. Their was no evidence to indicate that the mortgages were other than "arms length transactions".
Townsend G. Treadway was the maternal grandfather of the defendant. He is deceased. On May 14, 1966 Mr. Treadway executed his last will and testament. Article Nine of the document created a testamentary trust naming Bristol Bank and Trust Company (now Fleet Bank) as the sole trustee. The trust corpus was divided into two shares, one for each of Mr. Treadway's two daughters. Ellen Treadway Abbott (the defendant's mother) was one of Mr. Treadway's daughter's and is still living. With respect to the share set aside for the benefit of Ellen Abbott the trustee has the sole discretion to distribute income or principal to Ellen, her husband Robert or to their children including the defendant. However, the trust states that Ellen was to be the primary object of Mr. Treadway's bounty. Upon Ellen's death the trust corpus continues in further trust for the benefit of Robert 0. Abbott Jr., the defendant's father. Mr. Abbott is still alive. At the sole discretion of the trustee income or principal can be distributed to Mr. Abbott or his children. Upon his death the property passes to the defendant and her brother if they have attained the age of thirty-five. The defendant is over thirty-five years of age. From 1988 to the present the only monies distributed to the defendant were two payments of $2,500.00. These funds were used by the defendant to pay premiums on a life insurance policy owned by her and insuring the life of her father. The total of the trust corpus at the time of trial amounted to approximately $3,000,000.00. CT Page 4130
In addition to the Treadway trust the defendant's mother established an inter vivos trust on December 11, 1945. Mrs. Abbott has reserved the right to amend, modify or terminate the trust. The present trustee is Fleet Bank. The trust provides that all of the net income is payable to Mrs. Abbott monthly but not less that quarterly. She is the only beneficiary of the trust income. Upon her death the executor of her estate is the residuary beneficiary.
Although the trust instrument was introduced in evidence there was no indication as to the amount of the trust nor was there any evidence as to the income of Mr. And Mrs. Abbott or their net worth. The amounts received by the parties and their children both before and after the parties separated were from the Abbott's income and not the Treadway trust.
The court must decide the following four specific issues in analyzing the appropriate orders in the present controversy. They are as follows:
1. Did the plaintiff give money to his paramour, Heidi Mazur, which sum should be added back in to the marital estate.
2. Did the plaintiffs earning capacity include (a) the income claimed by him (b) the money given to Heidi Mazur and (c) expenses of the business which are of a personal nature.
3. What is the value of the plaintiffs business and should it be considered by the court as part of marital property.
4. Should the amounts received and potential future distributions from the Townsend Treadway Trust be considered past and/or future income to the defendant.
The court will address these issues in the numerical sequence as set forth above.
Issue number 1. At or about the time this action was instituted the plaintiff met Heidi Mazur, his present female companion. Shortly after they met they began dating. The plaintiff then moved from the marital residence and instituted these proceedings. Prior to the relationship between the plaintiff and Heidi Mazur she was earning $17,000.00 per year. Her employer indicated their sales had increased substantially as a result of her efforts. Ms. Mazur testified that she was a psychic and had CT Page 4131 the ability to pick marketable securities which would increase in value. Within weeks after they first met the plaintiff set up a brokerage account for Ms. Mazur utilizing marital funds. The sum of $10,000.00 was deposited and invested by her. A few months later, the parties started living together at the apartment of Ms. Mazur together with her two children. The father of the children was not paying any child support. The court further finds that the plaintiff provided his paramour with cash in excess of $150,000.00 for the following purposes: bookkeeping services, marketing strategies, interior decorating, arranging dinners for plaintiffs clients, psychic stock picks and expenses relating to her extensive traveling. The court finds that the sum of $100,000.00 should be added back to the assets of the parties for purposes of a fair and equitable distribution.
Issue number 2. The court finds that the actual earnings of the plaintiff are greater than as reported on his tax returns and financial affidavits filed with the court. He has paid legal fees in connection with this matter through his business as well as claiming many personal expenses as business expenses. Adding to his income are the excess amounts he has paid to Heidi Mazur. The court finds his earning capacity to be approximately $350,000.00 a year.
Issue number 3. The plaintiff owns and operates a business known as Grillo Financial Services located on Arapahoe Road in West Hartford, Connecticut. The business is housed in a single family dwelling with an apartment on the second floor. Title to the building is in the name of the plaintiff. Title was acquired during the marriage. Both the business and the building were previously owned by the plaintiffs father. The plaintiff did not pay any amounts to his father for the business which had approximately 500 accounts when the plaintiff took it over. The plaintiff kept both of his parents on the "payroll" although it is questionable as to the value of the services rendered for which they received payment. Plaintiff claims that the value of the business should not be considered by the court when distributing marital assets. The court disagrees with the plaintiff's contention. The nature of the business was testified to at great length by the plaintiff and his father. In addition, the accountant retained by the plaintiff testified that the present value of the business is $84,000.00 including tangibles and goodwill. The accountant retained by the defendant testified that the value of the business is $194,000.00. The court finds that the business has a value of $84,000.00 based upon the CT Page 4132 discretion of the court in weighing the evidence,
Issue number 4. The plaintiff claims that the defendant regularly received gifts from her parents. He further claims that the defendant has the ability to request distributions from the Townsend Treadway Trust. He implies that the court should consider these factors when determining whether the defendant is in need of continuing support from the plaintiff Based upon the credible testimony of the defendant and her father and a review of the numerous exhibits concerning this issue, the court rejects the position of the plaintiff. The defendant did receive various amounts of monies from her parents in the form of gifts and loans. With few exceptions, the source of the funds were from the defendant's mother's trust which is an inter vivos trust created in 1945. The mother is the income beneficiary. She reserved the right to amend, modify or terminate the trust. Her estate is the residuary beneficiary. Although the trust instrument was introduced into evidence the value of the trust corpus and the income derived therefrom was not. There was no evidence in the record presented by either party as to the income or assets of the defendant's father. It should be further noted that a large portion of the amounts received by the defendant were for the benefit of both of the parties and their children. Further, a significant amount was received after the parties separated. As to the Townsend Treadway Trust, the defendant and the plaintiff obtained mortgage funds from this Trust. The Trust further paid the premiums on a life insurance policy owned by the defendant. The Court has also considered the cash surrender value of the insurance for distribution purposes.
The court finds that the defendant presently has no income other than nominal amounts that she may receive from house painting. She is presently enrolled in college and hopes to receive a degree in fine arts in the next two to three years. Upon graduation she anticipates earnings of $30,000.00 per year.
With respect to the plaintiff the court finds that his current earning capacity is approximately $350,000.00 per year based upon the testimony of the parties and their witnesses as well as a review of the relevant exhibits. The plaintiff has failed to prove that the Trust will generate income to the plaintiff in the future.
The Court has considered all of the statutory factors of the Connecticut General Statute §§ 46b-62, 46b-81, 46b-82
CT Page 4133 and other pertinent statutes, the parties present and future earning capacity, the cause of the breakdown of the marriage and the consequences of the financial awards as set forth below.
Judgment shall enter dissolving the marriage of the parties on the grounds of irretrievable breakdown. It is further ordered that:
1. Alimony.
The plaintiff shall pay to the defendant periodic alimony of $2,000.00 per week commencing as of December 15, 1999 less amounts paid by the plaintiff to the defendant since that date as alimony pendente lite. Said amount shall be taxable to the defendant wife and deductible by the plaintiff husband.
2. Household Furniture and Personal Effects.
The plaintiff shall retain all household furniture and personal effects in his possession free of any claims by the defendant and the defendant shall retain all household furniture and personal effects in her possession free of any claims by the plaintiff.
3. 1870 Asylum Avenue. West Hartford, CT.
The plaintiff shall quitclaim all of his right, title and interest in 1870 Asylum Avenue, West Hartford, Connecticut to the defendant. The defendant shall indemnify and hold the plaintiff harmless from the existing first mortgage on said property.
4. 7 Arapahoe Road. West Hartford. CT.
The plaintiff shall retain all of his right, title and interest in 7 Arapahoe Road, West Hartford, CT free of any claims by the defendant.
5. Automobiles
The defendant shall retain the 1994 Ford Explorer and the 1991 Volvo presently in her possession. The plaintiff shall execute whatever documents are necessary to confirm ownership of these vehicles in the defendant.
6. Bank Accounts.
CT Page 4134
Each of the parties shall retain whatever bank accounts are in their names. With respect to Grillo Financial Services, the plaintiff shall retain the checking and savings accounts.
7. Grillo Financial Services.
The plaintiff shall retain his full ownership of Grillo Financial Services free and clear of any claims of the defendant.
8. Tower Square Securities.
The plaintiff shall transfer to the defendant 50% of the December 15, 1999 value of the Tower Square Securities account.
9. Life Insurance.
The plaintiff shall maintain the defendant as irrevocable beneficiary of his present $500,000.00 Life Insurance Policy with the Travelers as long as he has an obligation to pay periodic alimony to the wife. The plaintiff shall not borrow against, hypothecate or withdraw any of the cash value while the defendant is the beneficiary. Each of the parties shall retain whatever other life insurance they have including any current cash surrender value.
10. Deferred Compensation.
The plaintiff shall transfer to the defendant 60% of each and every account he has listed on his financial affidavit dated 11/02/99 having a value of $362,801.00. The transfer shall be by Qualified Domestic Relations Orders. The court reserves jurisdiction. This order is made pursuant to Section 46b-81 of the Connecticut General Statutes.
11. Attorneys Fees.
Within 60 days from the date hereof the plaintiff shall pay to the defendant the sum of $25,000.00 as an allowance to defend.
12. Liabilities.
Each of the parties shall be liable for the liabilities listed on their respective financial affidavits filed with the court at the commencement of trial and hold the other harmless CT Page 4135 therefrom.
13. COBRA
The plaintiff shall provide medical insurance for the defendant under COBRA and the defendant shall pay 50% of the cost of such coverage for the maximum period allowed by law or until she obtains employment and has health insurance available to her from her employer.
14. Maiden Name.
The defendant's maiden name of Candace Treadway Abbott is hereby restored to her.
John R. Caruso, J.